956 F.2d 1174
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Derek A. COSTELLO and Robert McClean.
 No. 91-1251.
 United States Court of Appeals, Federal Circuit.
 Feb. 20, 1992.
 
 Before MAYER, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Board of Patent Appeals and Interferences in No. 88-2040, sustaining the examiner's rejection of Costello's application No. 06/903,846 for obviousness, is affirmed.
 
 DISCUSSION
 
 2
 As the board found, Gray, Siemens and Ebel all disclose the use of a foam-skin design to insulate metal conductors in non-filled communication cables. They also disclose the advantages of using a combination foam-skin insulation over an all-foam insulation. Dodd discloses the use of an all-foam insulation in filled communication cables. Because Costello has not shown how these findings are clearly erroneous, we have no reason to disagree with the board that it would have been prima facie obvious to design a filled cable with foam-skin insulation.
 
 
 3
 For similar reasons we have no reason to disturb the board's findings of fact pertaining to the alleged unexpected reduced capacitance. While Costello asserts the unexpected superiority of the foam-skin design over the all-foam design in filled cables, he overlooks the fact that the board found that this advantage was disclosed by the prior art in the context of non-filled cables. The board's findings that Dodd, Gray, Siemens, and Ebel are all part of the closest prior art and that "at the time the invention was made those of ordinary skill in the art believed that such a solid layer of polyolefin would provide moisture resistance" are not clearly erroneous. Ex Parte Costello, Board of Patent Appeals and Interferences, Appeal No. 88-2040 (July 17, 1990), at 14. We consider the board's conclusion from that evidence, that the success of foam-skin insulation was not unexpected, permissible.
 
 
 4
 Costello did show that foam-skin insulation has been well accepted in the telecommunications industry, but not that the commercial success is linked to the claimed invention. Since Costello maintains that the layer of skin provides no additional barrier to filler migration over all-foam, he cannot explain the decrease in capacitance of his cable. To that, the board said: "If the skin provides no barrier to filler migration, then there is no evidence that the allegedly superior properties of the claimed cable construction resulted from claimed features." Id. at 25. We concur. In sum, Costello has not demonstrated that the board's finding of insufficient nexus between the claimed invention and its commercial success is clearly erroneous, and we must affirm the rejection of the application for obviousness.
 
 
 5
 Contrary to Costello's approach in this appeal, we may not conduct our own independent examination of the application. Our role is limited to a review of the board's conclusion of obviousness for legal error, keeping in mind that the scope and content of the prior art, the similarity between the prior art and the claims, the level of ordinary skill in the art and what the prior art teaches are all questions of fact analyzed under the clearly erroneous standard. Graham v. John Deere Co., 383 U.S. 1, 17, 148 USPQ 459, 467 (1966); Jurgens v. McKasy, 927 F.2d 1552, 1560, 18 USPQ2d 1031, 1037 (Fed.Cir.1991). The board has its role and we have ours. They are not both the same.